UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 00-4161

SCOTT ALLEN SMITH,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-99-49)

Submitted: July 25, 2000

Decided: August 7, 2000

Before WIDENER and MURNAGHAN, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James B. Craven III, Durham, North Carolina, for Appellant. Walter
C. Holton, Jr., United States Attorney, Michael F. Joseph, Assistant
United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Scott Allen Smith appeals his conviction for conspirate-te cocaine and cocaine base, and possession of cocaine base with the intent to distribute. Smith raises two issues on appeal: (1) that the district court erred in not dismissing the entire jury panel following one juror's statement that Smith "wouldn't be this far if he hadn't done something;" and (2) that the district court erred in giving a flight instruction. We affirm.

A trial court's findings of juror impartiality may "be overturned only for manifest error." Mu'Min v. Virginia , 500 U.S. 415, 428 (1991) (finding no error in trial judge's refusal to question prospective jurors about specific contents of news reports they had observed) (internal quotations omitted). Thus, a decision on whether to strike an entire jury panel is reviewed for a manifest abuse of discretion. See United States v. Trujillio, 146 F.3d 838, 842 (11th Cir. 1998). Because the record demonstrates that the district court carefully explained the presumption of innocence to the jury three times, and specifically asked if any jurors felt influenced by the one prospective juror's statements, to which it received a negative response, we find that the district court did not commit a manifest abuse of discretion in denying Smith's motion to strike the entire jury panel.

Addressing the flight instruction, this court reviews a district court's decision to deliver a flight instruction for abuse of discretion. See United States v. Russell, 971 F.2d 1098, 1107 (4th Cir. 1993). A flight instruction is appropriate when "[t]he chain of inferences leading from evidence of flight to consciousness of guilt . . . [leads] to consciousness of guilt of the crime charged." United States v. Porter, 821 F.2d 968, 976 (4th Cir. 1987). Reviewing the facts of Smith's case under this standard, we find no abuse of discretion in the district court's decision to instruct the jury on flight.

Accordingly, we affirm Smith's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED